UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMY GRIFFITH                                    CIVIL ACTION

VERSUS                                            NO: 14-1435

CITY OF NEW ORLEANS                               SECTION: "A" (1)

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 12)** filed by the City of New Orleans; **Motion to Strike (Rec. Doc. 15)** and **Motion for Sanctions (Rec. Doc. 17)** filed by plaintiff Tammy Griffith. The motions are before the Court on the briefs without oral argument.

This case arises out of a discovery controversy that occurred in Civil Action 11-245 c/w 11-535. Tammy Griffith, plaintiff herein, is also the plaintiff in case number 11-245 ("CA11-245"). Griffith's suit in CA11-245 is based on allegations of gender-based discrimination and harassment by former Orleans Parish Juvenile Court ("OPJC") Judge David Bell, and other alleged retaliatory conduct by the other judges on the court. A jury trial in that case is scheduled to commence on November 3, 2014.

The events giving rise to the instant action first occurred on August 17, 2012, while the City of New Orleans was still a defendant in CA11-245. The City's attorney attempted to question Griffith at her deposition about two disciplinary documents ("the Documents") that purported to come from Griffith's personnel file with OPJC.[1] According to Griffith, the

---

[1] Because of the unusual relationship that state law imposes on the City of New Orleans with respect to OPJC, (*see* CA11-245, Rec. Doc. 300), the City maintains the personnel files for OPJC employees.

1

Documents were not part of the personnel file that the City had produced to counsel on February 9, 2012, and they lacked any indicia of authenticity. On January 28, 2013, the Court dismissed all claims against the City in CA11-245. (CA11-245,Rec. Doc. 300).

On June 16, 2014, Griffith was re-deposed in CA11-245, and the attorney for OPJC attempted to question her about the Documents. According to the deposition transcript from June 16, 2014, the Documents were attached as exhibits to Griffith's 2012 deposition with the City. (CA11-245, Griffith 6/16/14 deposition at 137).

Griffith filed the instant suit against the City on June 19, 2014, alleging that the City, through its attorneys, conspired with OPJC to violate her rights under federal law as recognized by 42 U.S.C. §§ 1985(2) - (3), and 1986.[2] Griffith suggests that counsel for OPJC represented that he must have obtained the documents "from the record" because they were attached to Plaintiff's deposition taken by the City of New Orleans. (Comp. ¶ 26). Counsel for Griffith later perused all 433 documents in "the record" of 11-245 c/w 11-535 and confirmed that the Documents are not "in the record."[3] (Comp. ¶ 29).

The City now moves to dismiss the complaint and seeks sanctions against Griffith's counsel for filing what the City believes to be a frivolous lawsuit. Although none of the City's

---

[2] Griffith has sued OPJC in the 19th Judicial District Court, East Baton Rouge Parish. (Rec. Doc. 1, Comp. n.1).

[3] The Court does not infer that anything untoward occurred with respect to the Documents simply because counsel for OPJC mentioned that they must have come from the "record" even though as it turns out the Documents are not "in the record" with this Court, *i.e.*, filed into the CM/ECF system. Federal Rule of Civil Procedure 5(d)(1) precludes parties from filing discovery responses into the record until they are used in conjunction with a motion. And when depositions are filed in CM/ECF as part of motions for summary judgment, they are often filed without their exhibits. But perhaps even more importantly, counsel for OPJC stated on the record at Griffith's June 16, 2014 deposition that the Documents were attached to the 2012 deposition taken by the City and one could easily interpret this to mean that they are "in the record." Nothing in Griffith's complaint suggests that the documents were not in fact attached to the 2012 deposition as counsel stated.

proffered arguments in support of dismissal are meritorious or legally correct, the Court is persuaded that the complaint nonetheless fails to state a claim for relief under federal law.

Section 1985 is a civil conspiracy statute.[4] The law in this circuit recognizes that a §

---

[4] 42 U.S.C. § 1985(2), entitled Obstructing Justice; Intimidating Party, Witness, or Juror, provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(3), entitled Depriving Persons of Rights or Privileges, provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

1985(2) or (3) claim must be grounded on racial animus, not gender animus. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000) (citing *Newberry v. East Tex. State Univ.*, 161 F.3d 276, 281 n.2 5th Cir. 1988)); *Mitchell v. City of Sugar Land*, No. 10-223, 2011 WL 1156253, at *8 (S.D. Tex. Mar. 25, 2011) (citing *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989)). Racial animus forms no part of the complaint in either of Griffith's cases. But even if gender animus satisfies the class-based animus requirement of §§ 1985(2) & (3), the claims still fail because a municipality cannot as a matter of law enter into a conspiracy. *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 988 (E.D. Tex. 2005); *Mitchell*, 2011 WL 1156253, at *8 (citing *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Hiliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)). Griffith has no plausible claim under § 1985 and without a § 1985 claim she cannot state a claim under § 1986. *Bryant*, 213 F.3d at 276. To the extent that Griffith seeks to state a claim against the City in her amended complaint under § 1983, that claim fails because it does not comprise the elements for municipality liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

To the extent that the complaint states any claims under state law, the Court declines jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 12)** filed by the City of New Orleans is **GRANTED** as follows: All federal claims against the City of New Orleans are **DISMISSED WITH PREJUDICE**; all state law claims against the City of New Orleans are **DISMISSED WITHOUT PREJUDICE**; the request for sanctions is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Strike (Rec. Doc. 15)** and **Motion for Sanctions (Rec. Doc. 17)** filed by plaintiff Tammy Griffith are **DENIED**.

September 22, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE